NOT DESIGNATED FOR PUBLICATION

No. 116,828

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS COUSINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed July 14, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*:  Douglas Ray Cousins appeals his sentence following his guilty plea to a single count of felony driving under the influence (DUI). We granted Cousins' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed no response.

On July 14, 2016, Cousins pled guilty to one count of DUI, a nongrid felony. The plea negotiations recommended that Cousins be placed on 1 year of probation after serving 90 days in jail. At the sentencing hearing on August 25, 2016, the district court sentenced Cousins to 1 year in jail but denied his request for release on probation after 90 days. Cousins timely appealed his sentence.

1

On appeal, Cousins claims the district court "abused its discretion by imposing the one year jail sentence." He acknowledges that the district court's sentencing decision for a nongrid DUI conviction is reviewed for abuse of discretion. See *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In sentencing Cousins, the district court noted that he had a long history of prior convictions, including five prior DUI convictions. Cousins also had six prior convictions for driving while suspended. All total, Cousins' presentence investigation report included 25 prior convictions, mostly for DUI, driving while suspended, and other traffic-related offenses. At the sentencing hearing, the judge asked Cousins the rhetorical question, "Why would I think you can perform on probation?" Cousins' only response was "[b]ecause I don't have a vehicle anymore, and I don't drink anymore." He now argues that no reasonable person would have taken the position of the district court.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Cousins' lengthy criminal history clearly demonstrated that he was not amenable to probation. The district court's decision to deny Cousins' request for probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. Under the facts and circumstances of this case, Cousins has failed to meet his burden of showing that the district court abused its discretion by imposing the 1-year jail sentence without probation.

Affirmed.